DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## February, 1876.

---

## POMEROY P. DICKINSON AND OTHERS, RESPONDENTS, v. THE CITY OF POUGHKEEPSIE, APPELLANT.

*Contracts for public work — alteration of terms of, after receiving proposals for.*

A board, authorized by law to make contracts by publishing for proposals for the work to be done for two weeks, and by giving the contract to the lowest bidder, has no authority, after the bids have been opened, to materially alter the contract by adding a clause thereto, and then award the contract to one of the original bidders, without a new advertisement for proposals.

APPEAL from a judgment in favor of the plaintiffs and against The City of Poughkeepsie, for $17,199.54, entered upon the verdict of a jury. Also, from an order refusing the defendant's motion for new trial.

The action was commenced against "The Water Commissioners of the City of Poughkeepsie," as defendants. They interposed an answer, upon which the cause was tried at the Dutchess Circuit, in March, 1874, when the plaintiffs were nonsuited. On appeal from the judgment dismissing the complaint, the General Term ordered a new trial. (2 Hun, 615.)

Pending the appeal an act was passed, by which the acts under which the water commissioners were organized, were consolidated with the charter of the city as then amended. This act took from the commissioners the power of prosecuting and defending suits,

HUN—VOL. VII. 1

and provided for the enforcement against the city of any liabilities contracted or incurred by the commissioners. (Laws of 1874, 641–681 686, § 1.) The contract upon which the action was brought contained the following clause, not contained in the form of contract annexed to the proposal for bids: "*s* It is further mutually agreed by the parties hereto that for any work not herein classified or defined as to price, and which said contractors may be directed by said engineer in writing to do, the said contractors shall receive and they hereby agree to receive as full compensation for said work the actual cost of the work with fifteen per cent added for wear and tear of tools, superintendence, profits."

After the decision on the appeal, the court substituted the present defendant in the place of the water commissioners, and allowed it to interpose a new answer.

*O. D. M. Baker*, city attorney, for the appellant.

*Nelson, Cook & Thorn*, for the respondents.

BARNARD, P. J. :

This case has once before been heard in this court upon appeal. It was then against the water board of the city of Poughkeepsie, which board, under the then existing law, was the proper party defendant. At the Circuit it was held that a contract which specified that certain excavations should be made at certain prices for rock excavations, and at certain prices for earth excavations, could not be varied by proof that, according to the custom and usage prevailing among contractors and builders, hard pan was included in neither of these designations. This was held to be error under the concluding clause (paragraph *s*) of the agreement which provided that, for any work not classified or defined as to price, and which the contractors might be directed to do by the defendant's engineer, in writing, should be paid for at the cost of the work ordered, with fifteen per cent added. This ruling must be accepted as final on this appeal. The defendant has been substituted according to existing law, and the case has been again tried.

The plaintiffs obtained a verdict, and the defendant appeals to this court.

The defendant interposes four defenses :

First. That.the contract was obtained by fraud practiced between the plaintiffs and the engineer of the water board.

Second. That the water board had no power to execute the contract and did not, in point of fact, execute it.

Third. That the work claimed had been paid for.

Fourth. That there was no such usage.

The first question is, was there a valid contract ? This inquiry takes in the two first named defenses. The water board was created by chapter 333, of Laws of 1867. By section 6, subdivision 2, of that act, the water board could contract by publishing for proposals for the work for two weeks, and by giving the work to the lowest bidder. This board did publish the required time, and did issue proposals on which biddings could be made, and did, as part thereof, refer the bidders to a proposed contract. This contract did not contain the concluding clause (paragraph *s*). There were three bidders, Messrs. Leary & Co., the plaintiffs, and one Robert Nelson. Nelson's bid was the lowest.

Evidence was given by the defendant tending to show that plaintiffs' biddings were changed after the opening of the bids ; that some items, not in the proposals, were added by plaintiffs and the engineer ; that some were increased and some diminished ; that some items were so stated in the form of proposals that no bidding could intelligibly be made ; that the second and altered biddings were again changed by plaintiffs and the engineer, by adding work which the water board had expressly refused to award to plaintiffs, amounting to some thousands of dollars. The form of the contract itself was altered so as to require the plaintiffs to keep the work in good order for five months instead of six, as called for by the proposed contract, and paragraph *s* was added under which the claim in question is made.

It was competent for the jury, under this evidence, to find that the contract was obtained by fraud. The engineer reported to the board that the plaintiffs' proposal was the lowest bidding.. If it was true that he had, in collusion with the plaintiffs, so framed the contract and proposal as to deter bidding ; if he, with like collusion, had changed the plaintiffs' bidding so as to make it appear the lowest, while in fact it was not so ; if he, with like collusion, had

altered the proposed contract so as to benefit the plaintiffs after the biddings had been received, and had added paragraph *s* without the knowledge of the water board, it was a good defense.

The water board proposed a contract to the bidders. The proposal for bids, the proposed contract, and the bidding under it accepted by the water board, made the contract. If there was a dispute as to the facts about paragraph *s* being added, it should have gone to the jury under proper instructions. The court disposed of these two defenses in a single sentence, so far as the jury were concerned.

"Now I charge you, in that respect, the law to be this : If the commissioners have substantially complied with the law, and have made this contract in good faith with these plaintiffs, the defendant is bound thereby, and the liability of the defendant is established upon this contract."

It was not claimed that the water commissioners had acted in bad faith. The charge of fraud was made against the plaintiffs and the engineer, and that the water board was deceived thereby in awarding the contract to plaintiffs.

"If," says the court, "on the other hand, the plaintiffs were guilty of no fraudulent practices in dealing with the commissioners, if the changes were made in good faith, then you have nothing under that head [fraud] to consider."

"If there be no contract the plaintiffs may recover upon a *quantum meruit ;* a valid existing contract governs all parties."

"And therefore the plaintiffs can hold the commissioners to the performance of the contract, and the plaintiffs, on the trial, say that they relied upon this contract; and even if it be invalid or informal the plaintiffs claim to recover for these services, and the law says they may."

There is no authority given, and the board possessed no power to authorize or add paragraph *s*. The biddings were called for under a proposed contract, adopted by the board, which did not contain this provision.

The object of the law is plain : bidders were invited to compete with each other on equal terms.

The other bidders had no notice of this paragraph *s*. With it the plaintiffs are clearly not the lowest bidders. An item of nearly

$15,000 is added to the contract. ch no public biddings. The added clause is of evil effect, anu was not authorized by the law. (*Bonesteel* v. *The Mayor*, 22 N Y., 162; *Brady* v. *The Mayor*, 20 id., 312.)

The added clause was never adopted by the board beyond the signature of its officers.

I think the judgment should be reversed.

Talcott and Pratt, JJ., concur.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.